UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FARMERS INSURANCE COMPANY OF WASHINGTON, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | Case No. C07-1363RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on "Liberty Mutual Fire Insurance Company's Motion for Summary Judgment" (Dkt. #12). Contending that collateral estoppel precludes plaintiff, Farmers Insurance Company of Washington ("Farmers"), from litigating issues already decided in an intercompany arbitration ruling, defendant, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), moves for summary judgment. In accordance with the parties' "Joint Status Report and Discovery Plan" (Dkt. #10 at 2-3), this is the only issue before the Court on summary judgment. For the reasons set forth below, the Court denies Liberty Mutual's motion.

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    1

## I. FACTS

The following facts are undisputed by the parties. This controversy arose over an underlying automobile lawsuit in King County Superior Court. In the lawsuit, Liberty Mutual defended Suzie Raghouber, the owner of the vehicle, while Farmers defended Irene Olaes, the driver of the vehicle at the time of the incident. Liberty Mutual settled the claim against Ms. Raghouber to the full extent of her insurance policy. Farmers tendered the defense to Liberty Mutual but continued to defend Ms. Olaes. The jury awarded the plaintiff $47,666.53. Seeking a contribution from Liberty Mutual for payment of this award and for attorney's fees for Ms. Olaes' defense, Farmers filed for binding arbitration through Arbitration Forums, Inc. ("AF"). The arbitration decision, in its entirety, reads as follows:

> Co. 2 [Liberty Mutual] pleaded affirmative defense stating that they had settled the lawsuit on behalf of their insured prior to being notified of any tender of defense for the driver of the vehicle. Evidence was submitted to show that Co. 2 has exhausted their policy limit. Valid request for affirmative defense. Affirmative defense granted.

Dkt. #13 (Bradley Decl.) at Ex. M (Special Arbitration Forum Decision Notice).

## II. DISCUSSION

**A.    Summary Judgment Standard**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

**B.    Issue Preclusion**

Liberty Mutual requests summary judgment under the doctrine of issue preclusion based on the argument that the arbitration decision resulted in a final decision. Dkt. #15 (Reply in Support of Liberty Mutual's Motion for Summary Judgment) at 3-6. An agreement to arbitrate is enforceable and binding. See RCW 7.04A.060; Godfrey v. Hartford Cas. Ins. Co.,

142 Wn.2d 885, 894 (2001). Unless an error of law or fact is apparent on the face of the arbitration decision, the court grants the decision finality. RCW 7.04A.220-240; <u>Godfrey</u>, 142 Wn.2d at 895-96. Issue preclusion, or collateral estoppel, prevents litigation of any issue for which a full and fair opportunity to litigate has already resulted in a final decision on the merits; similarly, claim preclusion, or res judicata, bars litigation of a claim that has already been decided. <u>See</u> <u>Nielson v. Spanaway Gen. Medical Clinic, Inc.</u>, 135 Wn.2d 255, 262 (1998). The party claiming issue preclusion must prove (1) that the issue decided in the earlier proceeding was identical to the issue in the present proceeding; (2) the earlier proceeding resulted in a judgment on the merits; (3) the parties are identical in both proceedings; and (4) no injustice results from the application of the doctrine. <u>See</u> <u>id.</u> at 262-63.

Liberty Mutual has satisfied the first and third requirements of the issue preclusion doctrine. A review of Farmers' allegations in arbitration supports Liberty Mutual's argument that the issues in this case are essentially the same as those raised in arbitration, despite Farmers' adding declaratory judgment, breach of contract, equitable subrogation, and equitable indemnity claims. <u>See</u> Dkt. #13 at Ex. J (Farmers' Special Arbitration Contention Sheet). Both Liberty Mutual and Farmers agree that the parties are identical in both proceedings.

Liberty Mutual has not proved, however, that the arbitration resulted in a final judgment on the merits nor that injustice would not result from granting summary judgment based on issue preclusion. The arbitration decision expressly found that Liberty Mutual had "exhausted their policy limit." <u>See</u> Dkt. #13 at Ex. M. Liberty Mutual contends that the ruling also decided the issue of fact "that [Liberty Mutual] had settled the lawsuit on behalf of their insured prior to being notified of any tender of defense for the driver of the vehicle." <u>See</u> Dkt. #13 at Ex. M; Dkt. #12 at 2. Liberty Mutual's argument rests on the assumption that the granting of the affirmative defense connotes agreement with Liberty Mutual's argument on the merits.

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT            3

Pursuant to AF's definition of an affirmative defense, the arbitration panel could not both disclaim jurisdiction and rule on the disputed issues.  Liberty Mutual and Farmers both signed a Special Arbitration Agreement ("Agreement") with AF for the resolution of intercompany disputes.  See Dkt. #13 at Ex. K.  The Agreement includes in its rules the following definition of "affirmative defense":  "A complete defense that does not address the allegations, but instead, asserts reasons that preclude the panel from ruling on the disputed issue(s)."  Id. at 2.  Exhausting insurance policy limits afforded Liberty Mutual grounds for an affirmative defense objecting to AF's jurisdiction:  "No company shall be required, without its written consent, to arbitrate any claim or suit if:  . . . (d) any payment which such signatory company may be required to make under this Agreement is or may be in excess of its policy limits."  Id. at 4-5.  Under the rules of the Agreement, Farmers could not compel Liberty Mutual to arbitrate the issue of contribution for the $47,666.53 verdict without Liberty Mutual's written consent.  Section 2-9 of the Agreement expressly contemplates litigation in court as a possible outcome to granting the affirmative defense objecting to jurisdiction:

> If Company 2 raises an <u>objection to jurisdiction</u> as a proper affirmative defense against compulsory arbitration and the panel or AF withdraws the case from arbitration in response to that pleading, the applicable AF office will remove the case from its active docket.
> After removal, if it is discovered that the case was properly placed in arbitration and Company 1 refiles the case, Company 2 must reimburse Company 1 for all reasonable <u>legal expenses and court costs resulting from the improper objection to jurisdiction</u>.

Dkt. #13, Ex. K at 11 (emphasis added).  If granting an affirmative defense based on jurisdiction resulted in a final decision on the merits, the Agreement would not refer to "legal expenses and court costs" as resulting from that decision.

The lack of issue-preclusive effect in AF's declining jurisdiction is analogous to the absence of claim-preclusive effect in cases where courts dismiss claims due to lack of subject-matter jurisdiction.  The Ninth Circuit has found that dismissal for lack of subject-matter jurisdiction does not result in a judgment on the merits as the court retains "no power to make judgments relating to the merits of the case."  <u>Cook v. Peter Kiewit Sons Co.</u>, 775 F.2d 1030,

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                4

1035 (9th Cir. 1985); see also Piatt v. MacDougall, 773 F.2d 1032, 1035 (9th Cir. 1985) (finding that the Arizona Supreme Court's declining jurisdiction did not resolve the claim on the merits and therefore did not preclude federal litigation of the claim).  At common law as well as under Fed. R. Civ. P. 41(b), dismissal for lack of jurisdiction is not an adjudication upon the merits and has no claim-preclusive effect.  See  Costello v. United States, 365 U.S. 265, 285-287 (1961); Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).

In pleading an affirmative defense to the arbitration panel, Liberty Mutual included discussion of disputed issues along with its objection to jurisdiction:

> Respondent denied Applicant's request for further indemnity contribution and defense costs and expenses on April 23, 2004 . . . .  Respondent's position is that Applicant's insured was not a permissive user of the Respondent's insured's vehicle.  Respondent defended its insureds pursuant to the terms of their policy and resolved the resulting claims for the full amount of the coverage available on a primary basis relevant only to the Respondent's insured.  Applicant had a duty to defend and indemnify its insured in light of Respondent's coverage position and also as the excess carrier.  <u>Since Respondent's policy limits have been exhausted, Arbitration Forums, Inc. does not have jurisdiction over this matter</u> since the dispute is not between Applicant and Respondent.  Applicant has put Respondent's insured at personal risk by its action against Respondent (Special Arbitration Agreement, Article Second, Exclusion (d), attached as evidence #7).

Dkt. #13 at Ex. L (Liberty Mutual's Special Arbitration Contention Sheet) (emphasis added).  Although Liberty Mutual contends that the arbitration panel ruled on all the issues presented with its affirmative defense, AF's decision only determined that AF lacked jurisdiction because the policy limits had been exhausted.

Through arbitration, Farmers also sought over $80,000 in attorney's fees and costs arising from the same controversy.  Dkt. #13, Ex. J (Farmers' Special Arbitration Contention Sheet) at 3.  Although the Agreement excludes legal fees from the policy limits restriction under Section 1-3(c) on Jurisdiction (Dkt. #13, Ex. K at 9), the decision made no mention of that aspect of Farmers' claim.  See Dkt. #13 at Ex. M.  The decision's silence on this issue does not indicate a denial of the claim for attorney's fees and costs on the merits.

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                  5

Because the arbitration decision granted defendant's objection to jurisdiction without reaching a final decision on the merits, applying issue preclusion would work an injustice by denying the plaintiff a full and fair opportunity to litigate its claims.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Liberty Mutual's motion for summary judgment (Dkt. #12).

DATED this 4th day of February, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge